| | | | |
|---|---|---|---|
| AUSA: | Barbara Lanning | Telephone: | (313) 226-9100 |
| Special Agent: | Austin Dawn | Telephone: | (313) 202-3400 |

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America
  v.
Marquette Bowers

Case No.  2:25-mj-30628
Judge: Unassigned,
Filed: 10-07-2025 At 10:53 AM

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __September 27, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Austin Dawn, Special Agent
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: October 7, 2025

_Judge's signature_

City and state:  Detroit, MI

Hon. Elizabeth A. Stafford, U.S. Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Austin Dawn, being duly sworn, depose and state the following:

## I.    INTRODUCTION

1.    I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") and have been so employed since November 2023. I am an "investigative or law enforcement officer of the United States" within the meaning of 18 U.S.C. § 2510(7), and I am empowered to conduct investigations and make arrests of offenses enumerated under federal law. I am a member of the ATF Detroit Field Division, Group II, Crime Gun Enforcement Team ("CGET") and am currently assigned to the Gun Violence Task Force "GVTF." The GVTF and CGET are tasked with investigating the unlawful possession of firearms and violent firearm crimes committed within the Eastern District of Michigan.

2.    As an ATF Special Agent, I have received specialized training at the Federal Law Enforcement Training Center including the Criminal Investigator Training Program and Special Agent Basic Training. During these programs, I received a total of twenty-seven weeks of instruction on subjects including federal criminal law, conducting criminal investigations, interview techniques, surveillance, undercover operations, evidence collection, and firearms trafficking.

3.    I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or

other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

4. The ATF is currently conducting a criminal investigation concerning Marquette BOWERS (DOB: XX/XX/1982), for violations of 18 U.S.C. § 922(g)(1) as a felon in possession of a firearm; and 18 U.S.C. § 924(e) as an armed career criminal.

## II. CRIMINAL HISTORY

5. I reviewed records related to BOWERS's criminal history and learned the following:

    a. On or about March 14, 2003, BOWERS was charged with two counts of first-degree home invasion, one count of domestic violence, and one count of assaulting/resisting/obstructing police. On April 15, 2003, BOWERS pleaded guilty to a reduced count of felony – attempt first-degree home invasion in the Third Judicial Circuit Court, Wayne County. On or about April 29, 2003, BOWERS was sentenced to 2 years' probation and

        batterer's counseling;

b.    On or about December 20, 2003, BOWERS was charged with one count of malicious destruction of police property and one count of assaulting/resisting/obstructing police. While the case was pending, BOWERS failed to appear at his arraignment and was in capias status for 11 months. On January 5, 2005, BOWERS pleaded guilty to malicious destruction of police property in the Third Judicial Circuit Court, Wayne County. On or about January 20, 2005, BOWERS was sentenced to 3 years' probation;

c.    On or about February 19, 2006, BOWERS was charged with possession of a controlled substance less than 25 grams. On March 6, 2006, BOWERS pleaded guilty as charged in the third degree in the Third Judicial Circuit Court, Wayne County. On or about June 29, 2006, BOWERS was sentenced to two years' probation;

d.    On or about March 15, 2006, BOWERS was charged with assault with a dangerous weapon and domestic violence. On June 12, 2006, BOWERS pleaded guilty to one count of assault with a dangerous weapon in the Third Judicial Circuit Court,

3

        Wayne County. On or about June 30, 2006, BOWERS was sentenced to 106 days' incarceration and two years' probation. BOWERS violated probation, and on November 8, 2006, was sentenced to 122 days' incarceration;

e. On or about August 23, 2006, BOWERS was charged with first-degree home invasion, assault with a dangerous weapon, felony firearm, domestic violence, felon in possession of a firearm, and assault with intent to do great bodily harm less than murder. On October 23, 2006, BOWERS pleaded nolo contendere to one count of assault with a dangerous weapon and one count of felony firearm in the Third Judicial Circuit Court, Wayne County. BOWERS was sentenced to an aggregate sentence of 3–7 years' incarceration.

f. On or about September 28, 2010, BOWERS was charged with assault with intent to murder, armed robbery, first-degree home invasion, felon in possession of a firearm, felony firearm, assault with a dangerous weapon, and felony firearm-second offense. On February 4, 2011, BOWERS pleaded guilty to armed robbery and felony firearm-second offense in the Third Judicial Circuit Court, Wayne County. BOWERS was sentenced to an aggregate

4

sentence of 12–25 years' incarceration. BOWERS's parole was terminated on July 27, 2025.

6. Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Additionally, defendants are advised that they are pleading guilty to a felony. Based on the number of BOWERS's convictions, the time he has spent incarcerated or under supervision as a result of those convictions, and the fact that BOWERS has previously been charged with the offense of felon in possession of a firearm, there is probable cause to believe that BOWERS is aware of his status as a convicted felon.

7. Further, BOWERS had been convicted of at least three different offenses—each qualifying under 18 U.S.C. § 924(e)(1) as violent felonies or serious drug offenses—committed on occasions different from one another.

III. PROBABLE CAUSE

3. On September 27, 2025, at approximately 8:00 p.m., Detroit Police officers were on a special attention detail at a Greenlight gas station on Schaefer Highway in Detroit. Officers were investigating an adult whose initials are R.H. and encountered BOWERS, who was a passenger in R.H.'s vehicle. An officer illuminated R.H.'s vehicle with their flashlight and saw what they believed to be the handle of a Glock firearm between the driver's seat and center console in plain view. Officers detained R.H., who was standing outside the vehicle.

4. Inside R.H.'s vehicle, BOWERS was reaching around the center console. An officer ordered BOWERS to put his hands up and BOWERS refused. As another officer walked around to the passenger side of the vehicle, BOWERS opened the door and fled. Officers chased after BOWERS, ordering him to stop. One officer saw BOWERS reach his arm towards his waistband, and, fearing that he had a weapon, deployed their Taser. The Taser took effect, and BOWERS fell to the ground. As BOWERS fell, a silver Rossi .357 caliber Magnum revolver fell from BOWERS' person onto the ground.

5. Officers attempted to handcuff BOWERS, but he resisted arrest and attempted to flee a second time. An officer tased BOWERS a second time. Officers were ultimately able to place BOWERS in handcuffs.

6. Officers searched R.H.'s car and recovered what appeared to be a Glock handgun between the driver's seat and center console but turned out to be a facsimile BB gun. Officers also recovered a silver Walther PK380 handgun between the driver's seat and center console.

7. BOWERS refused to provide officers with his name. Officers later utilized a fingerprint scanner and were able to identify BOWERS.

8. On October 3, 2025, I contacted ATF Interstate Nexus Expert, Special Agent Kara Klupacs, and provided information about the Rossi .357 caliber Magnum revolver. SA Klupacs concluded that the firearm was manufactured

outside the State of Michigan and is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

## IV. CONCLUSION

9. Probable cause exists to believe that on September 27, 2025, Marquette BOWERS knowingly possessed a firearm after having been convicted of a felony offense in violation of Title 18 U.S.C. Section 922(g). Further, probable cause exists to believe that prior to September 27, 2025, BOWERS had been convicted of at least three different offenses—each qualifying under 18 U.S.C. § 924(e)(1) as violent felonies or serious drug offenses—committed on occasions different from one another. These violations occurring within the Eastern District of Michigan.

Austin Dawn, Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
And/or by reliable electronic means

Honorable Elizabeth Stafford
United States Magistrate Judge

Dated: October 7, 2025

7